**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                              Plaintiff,

              -against-

JOHN DOE, *subscriber assigned IP address 68.174.161.182*,

                              Defendant.

------------------------------------------------------------x

18-CV-1587 (VSB) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

Plaintiff Strike 3 Holdings LLC brought this copyright infringement action against Defendant John Doe, who has been identified only by his alleged Internet Protocol ("IP") address, 68.174.161.182. Presently before me is Defendant's motion to quash Plaintiff's third-party subpoena, which Plaintiff has served on Defendant's Internet Service Provider ("ISP") Spectrum and which would require the ISP to disclose Defendant's name and address. *See* ECF 18 (Defendant's notice of motion to quash); ECF 15 (Order granting leave for Plaintiff to serve third-party subpoena upon Defendant's ISP). Defendant also requests that s/he be permitted to proceed anonymously in the litigation. For the reasons that follow, Defendant's motion to quash is **DENIED** and Defendant's request to proceed anonymously is **GRANTED**.

**II.   Background**

Plaintiff owns adult motion pictures which it distributes through various subscription-

based adult websites, DVDs and licensing agreements. (Compl. ¶¶ 2-3, 13). Plaintiff alleges that Defendant, using the file-sharing network BitTorrent, illegally downloaded and distributed thirty-six (36) copyrighted motion pictures. (*Id.* ¶ 4). Plaintiff asserts that these works have either been registered with the United States Copyright Office or have pending copyright registration and that Defendant obtained and distributed them without Plaintiff's authorization. (*Id.* ¶¶ 31, 37).

Plaintiff knows Defendant only by an IP address. (*Id.* ¶ 1). Plaintiff alleges that its investigator, IPP International U.G. ("IPP"), established direct connections with Defendant's IP address through the BitTorrent file distribution network and downloaded from that IP address several digital media files containing Plaintiff's motion pictures. (*Id.* ¶¶ 24-25). Plaintiff then verified that each digital media file downloaded from Defendant's IP address contains a digital copy of a motion picture that is "identical," "strikingly similar," or "substantially similar" to Plaintiff's original copyrighted movies. (*Id.* ¶ 29).

Plaintiff previously moved this Court for leave to subpoena Defendant's name and address from his ISP in advance of a Rule 26(f) conference. *See* Federal Rule of Civil Procedure 26(d)(1). (ECF 7, 8). The Court granted Plaintiff's motion on October 3, 2018. (ECF 15). In so doing, the Court imposed several procedural protections, including (1) the ISP must serve copies of the subpoena and the Order on Defendant within 15 days of service; (2) the ISP must permit Defendant 45 days from the date of service of the subpoena to contest the subpoena; (3) the ISP is prohibited from turning over Defendant's identifying information until the expiration of that 45-day period; and (4) the ISP, once subpoenaed, must preserve any subpoenaed information pending the resolution of any motion to contest the subpoena. (ECF 15, at 3-4).

Plaintiff served the subpoena on Defendant's ISP on or about October 17, 2018. (ECF 17).

On December 17, 2018, Defendant moved to quash the subpoena. (ECF 18, 19).

### III.     Discussion

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. See Fed. R. Civ. P. 45(a)(1). The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash the subpoena bears the burden of persuasion. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). The same standard applies in a case such as this where a person other than the subpoena recipient moves to quash the subpoena. *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citing *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *5-6 (E.D.N.Y. Aug. 23, 2016).

Here, Defendant does not move to quash the subpoena on any of the grounds listed in Federal Rule of Civil Procedure 45(d)(3)(A). Instead, Defendant argues that many other individuals could have accessed Defendant's wireless network. (Doe Decl. ¶ 1). Defendant lives in an apartment building with three non-family roommates and is the subscriber for their shared wireless internet service. (*Id.*). Defendant's apartment building has 60 units. (*Id.*). Further, the IP address being subpoenaed is not Defendant's current IP address. Defendant had to replace a prior modem due to connection problems. (*Id.*).

Defendant's arguments—which go to the merits of the parties' case—are premature. *See Strike 3 Holdings*, 2019 WL 78987, at *2 (quoting *Achte/Neune Boll Kino Beteiligungs Gmbh & Co.*

*v. Does 1-4577*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010)) ("the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable."); *Malibu Media, LLC v. Doe*, No. 14-CV-4808, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016) ("whether Defendant ultimately has meritorious defenses to Plaintiff's claim is not relevant for purposes of the instant motion to quash or Plaintiff's ability to obtain the discovery sought in the . . . Subpoena."); *Voltage Pictures, LLC v. Does 1-5000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of liability . . . is not a basis for quashing" a subpoena).

Instead, subpoenas issued pursuant to Rule 45 may obtain discovery regarding "any nonprivileged matter that is *relevant* to [a] party's claim or defense." *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) (quoting *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (alteration and emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance is to be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The information sought in this subpoena is relevant. Identifying the name and address of Defendant will allow this case to proceed with service of a Complaint and summons. "[I]dentifying [the d]efendant is a necessary step" in making the determination of whether the defendant is, in fact, "the infringer[.]" *Malibu Media,* 2016 WL 5478433, at *4. Plaintiff, when in possession of Defendant's name and address, can investigate whether others had access to Defendant's IP address. Likewise, Defendant may move to dismiss the case, and in such a motion, can raise the arguments attempted here.  In sum, Defendant's argument that "another party is responsible for

the infringing conduct may be advanced later as a defense, but it does not constitute a reason to quash the subpoena, because 'obtaining [] contact information is the logical first step in identifying the correct party.'" *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 24.90.139.137*, No. 15-CV-7788, 2016 WL 1651869, at *4 (S.D.N.Y. Apr. 26, 2016) (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-1834, 2015 WL 4403407, at *3 (S.D.N.Y. July 20, 2015).

Defendant's reliance on *Strike 3 Holdings, LLC v. John Doe*, No. 17-CV-08956 (S.D.N.Y. Nov. 16, 2017) does not alter this conclusion. In that case, the Honorable Alvin K. Hellerstein granted Defendant's motion to quash where the complaint "fail[ed] to provide appropriate copyright registration forms, or even list the copyrighted materials—as opposed to merely the 'site'—that Defendant allegedly infringed on." *Id.* at 1. Judge Hellerstein stated that Plaintiff's exhibit attached to the Complaint did not provide copyright registration numbers. *Id.* at 2. Thus, the Complaint fail[ed] to contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (quotation and citation omitted). Conversely, here, Plaintiff's Exhibit A provides the BitTorrent hash value for each file, the site where the work was original published, the copyright registration number for each work, and the date the copyright registration form was filed. (Compl., Ex. A). The names of the works can be obtained free of charge on the Copyright Office's website using the registration numbers. (ECF 21, at 5). The reasoning of *Strike 3 Holdings, LLC v. John Doe*, No. 17-CV-08956 (S.D.N.Y. Nov. 16, 2017) is therefore inapplicable.

Notwithstanding, just as Judge Caproni recently stated, this Court "is not entirely unsympathetic to Defendant's argument." *Strike 3 Holdings*, 2019 WL 78987, at *4. "[C]opyright holders such as Plaintiff are repeat litigants who have, in the past, engaged in 'abusive litigation practices,' including coercive settlement practices." *Id*. (citing *Digital Sins, Inc. v. John Does 1–*

*245*, No. 11-CV-8170, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); *Malibu Media, LLC v. Doe*, No. 15-CV-4369, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015); *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-CV-1855, 2015 WL 3605834, at *3 (E.D.N.Y. June 8, 2015); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237 (E.D.N.Y. 2012); *Malibu Media, LLC v. Does 1–5*, No. 12-CV-2950, 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012)).

Thus, to protect Defendant's identity, Defendant's request to proceed anonymously is granted. Plaintiff shall not disclose or threaten to disclose Defendant's name or address. Plaintiff is ordered not to file publicly any of Defendant's identifying information and to file under seal all documents containing Defendant's identifying information. This Court also attaches two additional conditions. First, Plaintiff is prohibited from obtaining any information from Defendant's ISP other than Defendant's name and address. Second, Plaintiff is directed not to initiate settlement negotiations until after Defendant has been served. Plaintiff previously represented it would not do so. (ECF 15, at 3). "These measures will enable Plaintiff's lawsuit to move forward, while limiting the risk that Defendant will be unfairly coerced into a settlement." *Strike 3 Holdings*, 2019 WL 78987, at *4; *see Malibu Media, LLC v. John Does 1–5,* 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("The ability of a John Doe defendant to ensure that his name will not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement.").

IV. **Conclusion**

The Court has considered all of the arguments raised by the parties. For the reasons discussed above, Defendant's Motion to Quash is **DENIED** and Defendant's request to remain anonymous is **GRANTED**. The status conference scheduled for May 15, 2019 is adjourned *sine*

*die*. Plaintiff shall serve Defendant with a summons and Complaint by **June 14, 2019** and file proof of service with the Court. The Clerk of Court is respectfully directed to close ECF 18 and mail a copy of this Opinion and Order to the *pro se* Defendant.

**SO ORDERED**.

Dated: May 14, 2019
      New York, New York

         *s/ Ona T. Wang*
         **Ona T. Wang**
         United States Magistrate Judge